UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MICHAEL ROBERT COFFEY, *Plaintiff* | § § § | |
| v. | § § | No.  1:26-CV-00047-ADA |
| CITY OF BURNET, TEXAS,  ET AL., *Defendants* | § § § § | |

**ORDER**

Before the Court is Defendants City of Burnet, Texas, Justin Ornelas, and Austin Barrett McKenzie's (the "Burnet Defendants") motion to stay discovery, Dkt. 7, and all related briefing. In their motion, the Burnet Defendants ask the Court to stay discovery pending a ruling on their motion to dismiss, in which Ornelas and McKenzie raise the defense of qualified immunity, Dkt. 6. *Id.* at 2-3. Plaintiff Michael Robert Coffey opposed the motion, arguing that without discovery, he "cannot fully develop the factual record necessary to address Defendants' defenses." Dkt. 10, at 2.

Qualified immunity is an immunity from suit rather than a mere defense to liability, so it is important to resolve "immunity questions at the earliest possible stage in litigation." *Pearson v. Callahan*, 555 U.S. 223, 231-32 (2009) (internal citations and quotation marks omitted). Because "[o]ne of the most salient benefits of qualified immunity is protection from pretrial discovery," district courts "may not permit discovery against the immunity-asserting defendants before [ruling] on their defense." *Bustillos v. El Paso Cnty. Hosp. Dist.*, 891 F.3d 214, 223 (5th Cir.

1

2018) (quoting *Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012)); *Carswell v. Camp*, 54 F.4th 307, 311 (5th Cir. 2022), *cert. denied*, 144 S. Ct. 73 (2023); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 685 (2009) ("The basic thrust of the qualified-immunity doctrine is to free officials from the concerns of litigation, including 'avoidance of disruptive discovery.'" (citation omitted)).

Here, Coffey argues that he needs "key evidence" to "fully address" the Burnet Defendants' defenses but offers no further explanation of why he cannot respond to the motion to dismiss without further factual development or what sort of "narrowly tailored" discovery would clarify whether Ornelas and McKenzie are entitled to qualified immunity. Dkt. 10, at 2. The Court may only order discovery "narrowly tailored to uncover only those facts needed to rule on the immunity claim" if it is "unable to rule on the immunity defense without further clarification of the facts[.]" *Backe*, 691 F.3d at 648; *see also Lion Boulos v. Wilson*, 834 F.2d 504, 508-09 (5th Cir. 1987). Moreover, the Fifth Circuit has recently conveyed that it interprets Supreme Court precedent to mean that "a plaintiff asserting constitutional claims against an officer claiming QI must survive the motion to dismiss without *any* discovery." *Carswell*, 54 F.4th at 311.[1] Given that Coffey has not identified any specific discovery

---

[1] In their reply, the Burnet Defendants claim that *Carswell* expressly overturned *Lion Boulos*. Dkt. 11, at 2-3. Yet the Fifth Circuit's original opinion in *Carswell* was withdrawn and modified to omit any explicit overturning of *Lion Boulos*, "perhaps in recognition of the fact that one Fifth Circuit panel may not overrule decisions of another." *Compare Carswell v. Camp*, 37 F.4th 1062, 1066 (5th Cir. 2022), *with Carswell*, 54 F.4th at 311; *Huggins v. Cnty. of Tishomingo, Miss.*, 662 F. Supp. 3d 683, 687 (N.D. Miss. 2023). In any event, the Burnet Defendants are certainly correct that *Carswell* adopted a "highly restrictive interpretation of the qualified immunity-related discovery permitted by *Lion Boulos*," namely that it may only be requested by a defendant because "only the defendant-official enjoys qualified immunity from suit." *Huggins*, 662 F. Supp. 3d at 687; *Carswell*, 54 F.4th at 311.

needed to evaluate the qualified-immunity defense and "such discovery is generally disfavored," the Court rejects Coffey's invitation to deny the Burnet Defendants' motion on this basis. *Pack v. Collier*, No. 7:20-CV-00157-M-BP, 2021 WL 12218178, at *1 (N.D. Tex. Dec. 7, 2021).

Accordingly, the **GRANTS** Burnet Defendants' motion to stay, Dkt. 7, and **STAYS** discovery pending the Court's resolution of the Burnet Defendants' motion to dismiss.

SIGNED April 2, 2026.

_____
DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE